VAEFAGA of Tau, Plaintiff

v.

AUNUUA LOLO of Siufaga, Defendant

No. 4-1949

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Matai Name: "Moliga" of Siufaga]

February 21, 1949

A. A. MORROW, *Chief Justice;* MALEPEAI, *District Judge;* and MULI, *District Judge.*

DECISION

Heard at Fagatogo February 14, 1949.
Fesagaiga for Vaefaga; Pele for Aunuua Lolo.

MORROW, *Chief Justice.*

The right to the succession to the matai name Moliga attached to the village of Siufaga in Manua is for determination in this proceeding. Aunuua Lolo filed his application to be registered as the Moliga on December 9, 1947. Vaefaga filed an objection to such proposed registration on December 19, 1947 and became a candidate for the name. Hence this litigation.

Sec. 926 of the A. S. Code prescribes the requirements for eligibility for succession to a matai name. The evidence showed that both Aunuua Lolo and Vaefaga meet the requirements of this section.

Sec. 933 of the A. S. Code provides as follows:

"In the trial of Matai name cases, the High Court shall be guided by the following in the priority listed:

433

1. The wish of the majority or plurality of the family.

2. The forcefulness, character, personality and capacity for leadership of the candidate.

3. The best hereditary right in which the male and female descendants shall be equal in the family where this has been customary, otherwise, the male descendant shall prevail.

4. The value of the holder of the Matai name to the Government of American Samoa."

Each of the candidates filed a petition purporting to be signed by the various members of the Moliga family supporting his candidacy. There were 159 signatures on the petition for Aunuua Lolo and 141 on Vaefaga's. Lolo introduced evidence to the effect that 83 of the signers on Vaefaga's petition are members of the Moliga family. Vaefaga introduced evidence to the effect that 120 signers on Lolo's petition were not members of the family. There was much contradictory testimony as to which candidate the majority of the family favored. In view of our findings on the other three issues it is not necessary for the court to determine the issue as to the wish of the majority of the family.

Aunuua Lolo after completing the 8th grade attended Fagalele School for 2 years and Atauloma for a part of a year. He has been a matai for about 30 years. He is the Assistant Copra Clerk in the Manua District and a member of the advisory committee on native labor for Island Packers, Inc. He has plantations and is one of the largest copra producers in the Manua District. He is a member of the House of Representatives in the Samoan Legislature. He testified that he has an income of from $200 to $300 a month. A good share of this income, however, is produced by the labor of his children. Vaefaga completed the 5th grade of Poyer School. He speaks some English. He spent 8 years in America where he worked as an electrician and as a laborer. He was employed as a sub-leaderman on Palmyra Island by contractors engaged in the construction of

the airbase there. For two years during the war he was a lumber yard foreman. He rose to the position of rigger while being employed by the Navy at the U.S. Naval Station at Tutuila. At present he is second engineer on the Manuatele at a salary of $50 per month.

At the hearing the Judges had an opportunity to observe the personality and forcefulness of the two candidates. We believe that the character of both candidates is good. It is our opinion, based upon the evidence and our observation of the candidates at the hearing that Lolo prevails over Vaefaga on the issue of forcefulness, character, personality and capacity for leadership.

Lolo is the son of Siale Moliga. He has one half Moliga blood in his veins. His blood brother Tuumalo was the Moliga. Vaefaga is the great grandson of Moliga Milo. He has one eighth Moliga blood in his veins. Lolo prevails over Vaefaga on the issue of best hereditary right.

The value of a matai to the Government of American Samoa depends upon the skill with which he handles the affairs of his family. Economic value is another factor to be considered on the issue of the value of the holder of the name to the Government. Our conclusion from the evidence is that because of his forcefulness, capacity for leadership, and long experience as a matai Lolo will be better qualified to handle the affairs of the Moliga family than Vaefaga. Also the evidence shows that his economic value to American Samoa is greater than that of Vaefaga. We conclude that Lolo prevails over Vaefaga on the issue of the value of the holder of the name to the Government of American Samoa.

In view of our findings that Lolo prevails over Vaefaga on the second, third and fourth issues we are required by the law to award the title to Lolo.

Since Lolo is already the holder of a matai title he must resign from the title Lolo before he can be registered as the

Moliga. A man cannot hold two matai titles at the same time. *Aufata v. Falamalu*, No. 95-1948 (Am. Samoa); *Kosi et al. v. Viliamu*, No. 77-1948 (Am. Samoa).

It is ORDERED, ADJUDGED and DECREED that Aunuua Lolo shall be registered as the holder of the matai title Moliga of Siufaga upon his filing with the Registrar of Titles his resignation from the matai title Lolo, such resignation to be filed within 20 days from the date hereof. The Registrar of Titles will be advised of this decree.

Court costs in the sum of $25.00 are hereby assessed against Vaefaga the same to be paid within 30 days.